MORRIS EUROPEAN & AMERICAN EXP. CO. v. MERCHANTS' EUROPEAN EXP. CO. et al.

(Supreme Court, Appellate Division, First Department. December 20, 1901.)

PRELIMINARY INJUNCTION—DISCRETION OF COURT—REVIEW.

. In a suit to restrain the discharged employés of an express company from using copies which they had made of its lists of patrons, whereby they sought to divert the company's patronage and injure its business, the court, on appeal, will not interfere with the discretion of the special term in granting an injunction pendente lite.

Appeal from special term, New York county.

Action for an injunction and for other relief by the Morris European & American Express Company against the Merchants' European Express Company and others. From an order granting an injunction pendente lite, and from a second order resettling the same, defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Abraham I. Elkus, for appellants.
Gustave T. Kirby, for respondent.

LAUGHLIN, J. The plaintiff was incorporated under the laws of this state in 1889. It is carrying on business as customs brokers, freight brokers, and forwarders of express matter to and from all parts of the world, and has succeeded to the business and good will of S. W. Morris & Son, who conducted a like business under the firm name and style of Morris European Express Company. The defendant was incorporated on the 19th day of February, 1901, for the purpose of carrying on a similar business, and the individual defendants were directors thereof. It is alleged in the complaint that plaintiff has expended large sums of money in building up and conducting its business and obtaining patrons and custom, and that it has valuable records of its business, chief among which are lists and records of its customers and patrons; that the defendants Cuniberti and Bankell were formerly in the employ of plaintiff, but were dis-

charged and left its employ on the 10th day of January, 1901; and that the defendant Lau was also in its employ until the 12th day of January, 1901. The plaintiff alleges, on information and belief, that in the month of December, 1900, the individual defendants met in plaintiff's office after business hours without its consent, and conspired to interfere with and injure its business, and to make copies of its lists and records of customers and patrons, and their addresses, and did surreptitiously, and without plaintiff's knowledge or consent, .severally and jointly, make copies thereof; that prior to or immediately after the incorporation of the defendant company the individual defendants delivered to it said. copies, which the defendant company has used and is using, and has sent out and is sending out letters and circulars to the persons whose names were so taken for the purpose of inducing them to transfer and give over their trade and business from plaintiff to the defendant company; that plaintiff's said lists of its patrons and customers were of the value of many thousands of dollars, and the use thereof by the defendants has been of great damage to the plaintiff, and the continued use thereof will cause irreparable loss and damage, for which it is without any adequate remedy at law. The relief demanded is that defendants be perpetually enjoined and restrained from copying or in any manner using said copies of the list of customers and patrons of the plaintiff, and from using the information derived therefrom, and that they be adjudged to surrender said lists to the plaintiff, and to account for all profits obtained by the use thereof. The answer was verified by Kammerer, who is the vice president and treasurer of the defendant company, and it put in issue the allegations of the complaint concerning the acts of the individual defendants and the use of these lists. The plaintiff made a motion upon notice for an injunction order pendente lite, in accordance with the prayer of the complaint, and for an order requiring the defendants to deposit the lists in question with the court pending the determination of the action. The motion was granted. A motion was thereafter made by the defendants for a resettlement of the order by eliminating the provision thereof requiring the defendants to so deposit the lists, and by inserting a clause requiring plaintiff to give a new undertaking in a larger amount. The order was resettled by striking out the provision with respect to delivering the lists. The papers do not show the amount of the undertaking originally given, but the opinion of the court delivered on the resettlement of the order shows that the application for a new undertaking was denied for the reason that the court deemed the undertaking already given sufficient. The precise date of the commencement of the action. does not appear, but the answer was verified on the 18th day of April, 1901. The moving papers upon which the order was made were not as full and complete as they should have been, but they were sufficient to give the court jurisdiction. In the ordinary course, the action might have been tried upon the merits before the appeal from the order was brought to a hearing in this court. The condition of the special term calendar in this department is such that issues of fact in equity cases may be tried in a very short time after they are noticed for trial. We are not disposed

to encourage appeals from orders in these or like circumstances, or to interfere with the discretion of the court at special term.

The order should therefore be affirmed, with $10 costs and disbursements. All concur.